UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

BONNIE E. DECOLA,                                          Plaintiff,

v.                                        Civil Action No. 3:16-cv-185-DJH-DW

PRUDENTIAL INSURANCE COMPANY OF
AMERICA,                                                  Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

When Plaintiff Bonnie Decola became disabled and could no longer work, she received benefits through her employer's disability plans, administered by Defendant Prudential Insurance. (Docket No. 12, PageID # 140) After paying benefits for several years, Prudential terminated Decola's claim and informed her on May 26, 2015, that she had 180 days to appeal Prudential's decision. (D.N. 8-1, PageID # 31) Two months later, Decola's counsel sent a letter informing Prudential that Decola was appealing and would be sending Decola's medical records as she received them. (D.N. 8-4, PageID # 99) Shortly thereafter, Decola's counsel sent another letter that reiterated her intention to appeal the termination and included some medical records from one of Decola's doctors but indicated that additional records would be submitted. (D.N. 8-5, PageID # 100) Prudential wrote back to say that Decola must inform Prudential when her appeal was complete. (D.N. 8-6, PageID # 126) Until Decola notified Prudential that her appeal was complete, Prudential would not review Decola's claim. (*Id.*) Decola's counsel failed to provide any further response or information until after the 180-day deadline had lapsed. (D.N. 8-7, PageID # 127)

Prudential refused to consider Decola's appeal on the ground that Decola failed to submit a timely appeal. (D.N. 8-10, PageID # 130) Decola filed suit against Prudential, alleging that

1

Prudential violated the Employee Retirement Income Security Act (ERISA) by wrongfully denying her disability benefits.  (D.N. 1-1, PageID # 8)  Prudential has moved to dismiss on the ground that Decola failed to exhaust her administrative remedies.  (D.N. 8)  Because the Court finds that Decola failed to exhaust her administrative remedies, the Court will grant Prudential's motion to dismiss.

## I.      BACKGROUND

Plaintiff Bonnie Decola worked as a truck driver for Penske Truck Leasing.  (D.N. 1-1, PageID # 7; D.N. 12, PageID # 140)  In 2008, Decola became disabled and could no longer work.  (D.N. 12, PageID # 140)  She applied for disability benefits under Penske's long-term disability (LTD) and short-term disability (STD) plans.  (D.N. 1-1, PageID # 7;  D.N. 8-1, PageID # 31)  Defendant Prudential Insurance is the claims administrator of Penske's STD and LTD plan.  (D.N. 8-1, PageID # 31)

Prudential began paying Decola benefits under the STD and LTD plans.  (*Id*.)  Then, on May 26, 2015, Prudential terminated Decola's LTD claim.  (D.N. 8-1, PageID # 31)  The May 26 termination letter stated:

> You have a right to appeal this decision. If you choose to do so, your appeal must be made in writing by you or your authorized representative, and submitted within 180 days of the date of receipt of this letter.

(*Id*., PageID # 32)  Prudential added:

> Your appeal should contain:
>
> - Your name, control number, and Social Security number (or claim number)
> - The reasons that you disagree with our determination
> - Medical evidence or information to support your position such as:
>   - Copies of therapy treatment notes
>   - Any additional treatment records from physicians
>   - Actual test results (e.g., EMG, MRI)

(D.N. 8-3, PageID # 97–98)  "Factoring in 14 days for receipt" of the termination letter, Decola

had until December 6, 2015, to file an appeal.  (D.N. 8-1, PageID # 31)  On August 26, 2015,

Plaintiff's then-counsel wrote a letter to Prudential, stating:

> We are representing Ms. Decola in this matter and we are appealing the decision
> from the letter that was sent.
>
> I am currently requesting medical records from Ms. Decola's doctors that she is
> currently seeing to show all updated records about her disabilities to show that
> there is no relief and wellness in her condition. I will be sending these records as I
> receive them. Again take this letter as an appeal, please allow time for the medical
> records to be obtained.

(D.N. 8-4, PageID # 99)   Prudential did not respond to this letter.  On September 2, 2015, her

counsel sent another letter that stated:

> As I have written before I have requested medical records from Ms. Decola's
> doctors.  I am enclosing records from one of the doctors.  It clearly shows her
> struggle with her gastro problems.  I will continue to send the other records as I
> receive them.
>
> Again thank you for the extension on this appeal.

(D.N. 8-5, PageID # 100)  The same day, Prudential sent a response letter that advised:

> We have received your letter advising of your intent to request an appeal of our
> decision to terminate your client, Ms. Decola's claim for Long Term Disability
> (LTD) benefits . . . .   Your letter indicates that you will be submitting additional
> information as part of your appeal.
>
> **Ms. Decola's complete appeal must be submitted within 180 days of the date
> of her receipt of the [May 26, 2015] letter.** Please be advised that until such
> time as you advise us that her appeal is complete, an appeal review of Ms.
> Decola's claim will not commence. In Ms. [Dec]ola's situation, this means that
> you must submit her completed appeal, to include all information that you wish
> considered on appeal, within the 180 day timeframe outlined.

(D.N. 8-6, PageID # 126)  According to Prudential, it "interpreted Plaintiff's communications as

notification of her intent to file an appeal, not a written appeal as required by the plan."  (D.N. 8-

1, PageID # 33)

Decola failed to respond to Prudential's September 2 warning letter.  On January 4, 2016,

Decola's counsel sent a letter to Prudential stating:

> I filed a LTD appeal and sent in medical records on 9/2/15.  The letter of 8/26/15 clearly said it was an appeal, and supporting medicals were sent in by fax within 2 weeks.  We have had enormous trouble getting her treating providers to respond to multiple requests.
>
> Please advise as to the status of the appeal.

(D.N. 8-7, PageID # 127)  The same day, Prudential sent a letter that read:

> On January 4, 2016 we received your letter advising of your intent to request an appeal of our decision to terminate your client Bonnie E. Decola's claim for Long Term Disability (LTD) benefits . . . .  Your letter indicates that you will be submitting additional information as part of your appeal.  To date we have not received the additional information as noted in your letter.
>
> As we advised you in our letter dated May 26, 2015 and September 2, 2015, "Ms. Decola has a right to appeal this decision.  If she elects to do so, her appeal must be made in writing by her or her authorized representative.  Ms. Decola's **complete appeal must be submitted within 180 days of the date of her receipt of the May 26, 2015 letter**."  We advised you that until such time as you advise that Ms. Decola's appeal is complete, an appeal review of her claim will not commence.  In Ms. Decola's situation, this means that she must submit her completed appeal, to include all information that she wishes considered on appeal, within the 180 day timeframe outlined.

(D.N. 8-8, PageID # 128)  One week later, on January 11, 2016, Prudential sent another letter

that stated:

> As discussed with your office today, you indicated that a letter dated August 26, 2015 was an appeal; however we are not in receipt of a letter dated August 26, 2015.  Please submit a copy of this letter for consideration.
>
> An appeal review has not commenced as we have not received an appeal.  A complete appeal including all information that you wish considered on appeal should have been submitted within the 180 day timeframe outlined in our letter dated May 26, 2015 and September 2, 2015.

(D.N. 8-9, PageID # 129)  Prudential sent a final letter to Decola's counsel on January 21, 2016,

stating:

Your appeal request was not received during the 180 day timeframe communicated in our letters dated May 26, 2015 and September 2, 2015. Therefore, we are unable to consider your appeal request.

. . . We received your letter dated September 2, 2015, including medical records and you indicated you would be submitting additional medical records. Our letter to you dated September 2, 2015 indicated we received your letter with your intent to request an appeal of our decision and advised that a complete appeal must be submitted within 180 days of the date of Ms. Decola's receipt of our letter dated May 26, 2015.

We received your letter dated "04 Jan 2015" on January 4, 2016, which indicated a letter dated August 26, 2015, was an appeal. However, we had not received your letter dated August 26, 2015. We requested that you submit a copy, which we received on January 11, 2016.

The 180 day deadline including 14 days for mailing was December 6, 2015. As your appeal request was not submitted within the 180 day appeal timeframe that was communicated in our letter dated May 26, 2015 and again on September 2, 2015, we are unable to perform an appellate review of Ms. Decola's claim, our administrative record on her claim will remain closed, and the decision rendered on her claim will stand.

(D.N. 8-10, PageID # 130)

Decola filed suit against Prudential on February 9, 2016, alleging that Prudential violated ERISA by wrongfully denying her LTD benefits and refusing to consider her appeal. (D.N. 1-1, PageID # 8) Prudential filed a motion to dismiss pursuant to Rule 12(b)(6), claiming that Decola failed to exhaust her administrative remedies as required by ERISA. (D.N. 8) Decola responded that administrative exhaustion is not required and, alternatively, that Prudential's plan is unconscionable. (D.N. 12, PageID # 141–44)

## II.   DISCUSSION

### A.  Exhaustion of Administrative Remedies

Prudential argues that this case should be dismissed under Rule 12(b)(6) because Decola failed to exhaust her administrative remedies. (D.N. 8) Decola argues that exhaustion is not

required based on *Stephens v. Pension Benefit Guaranty Corporation*, 755 F.3d 959 (D.C. Cir. 2014).

ERISA does not specify whether a plaintiff must exhaust her administrative remedies before bringing a civil action. *Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 504 (6th Cir. 2004). However, the Sixth Circuit has made clear "that 'the administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court.'" *Id.* (quoting *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991)). In light of this precedent, Decola must exhaust her administrative remedies before filing a denial-of-benefits claim in this Court. *See id*; *see also Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710 (6th Cir. 2005). A court must dismiss ERISA claims if the plaintiff has not exhausted her administrative remedies. *See Falandays v. Penn Treaty Am. Corp.*, 114 F. App'x 738 (6th Cir. 2004) ("[T]he ERISA claim nonetheless must be dismissed without prejudice for failure to exhaust administrative remedies."); *Smith v. Local No. 25 Iron Workers' Pension Plan*, 99 F. App'x 695, 699 (6th Cir. 2004).

For example, in *Smith*, the plaintiff disagreed with the pension plan's denial of his benefits. *Id.* The pension plan documents required:

> Any Participant . . . who has been denied a benefit by a decision of the Trustees shall be entitled to request the Trustees to give further consideration to his claim by filing with the Trustees (on a form which may be obtained from the Trustees) a request for a hearing. Such request, together with a written statement of the reasons why the claimant believes his claim should be allowed, shall be filed with the Trustees no later than sixty (60) days after receipt of the written notification that the claim was denied.

*Id.* While the plaintiff wrote a "letter to the Board, which argued that he was entitled to early retirement benefits," he did not request a hearing as required by the plan. *Id.* at 698. The Sixth Circuit held that the plaintiff had not exhausted his administrative remedies because he "did not comply with the Plan's express requirement of filing a request for a hearing on a form provided

by the Board along with a statement of reasons as to why his claim should be allowed" within the sixty-day timeframe and thus affirmed dismissal of his ERISA claims. *Id.*

Similarly, in *Blaikie v. Rsight, Inc*., the plaintiff's plan "provide[d] for two levels of appeal before a lawsuit may be initiated." No. 8:09-CV-1770-T-26MAP, 2011 WL 5834751, at *3 (M.D. Fla. Nov. 21, 2011). The plaintiff "attempted to request a Level II appeal, but despite being represented by counsel, being provided a detailed overview of the appeals process, which letter includes a detailed description of the appeals procedure[], and being expressly informed in the Level I Appeal Resolution Letter that she had 60 days from the receipt of the same to request a Level II appeal, Plaintiff did not request her Level II appeal until well beyond the 60 day period required under the Certificate." *Id.* The court held that the plaintiff's claims were barred because she had "failed to exhaust her administrative remedies by not timely requesting a Level II appeal." *Id.* (citations omitted); *see also Noren v. Jefferson Pilot Fin. Ins. Co.*, 378 F. App'x 636, 697–98 (9th Cir. 2010) ("It is undisputed that 1) the plans in this case required two levels of internal administrative review and 2) Noren failed to file a second appeal. Thus, absent an applicable exception, Jefferson Pilot's motion for summary judgment was properly granted under the prudential exhaustion doctrine."); *McPhillips v. Blue Cross Blue Shield of Ala.*, No. 2:10cv615-WHA-WC, 2010 WL 3833950, at *4 (M.D. Ala. Sept. 23, 2010) ("[T]he Plaintiffs . . . did not properly follow the administrative appeals procedure. . . . Accordingly, the Plaintiffs did not exhaust their administrative remedies before filing this suit.").

In her complaint, Decola alleges that she filed a timely appeal and that it is Prudential's fault the records were not received. (D.N. 1-1, PageID # 7) In response, Prudential argues that the August 26, 2015 letter was not an appeal, and that Prudential's September 2, 2015 letter made clear that Decola had not filed a complete appeal. (D.N. 8-1, PageID # 37)

The Court concludes that Decola did not file a timely appeal and thus did not exhaust her administrative remedies. *See Coomer*, 370 F.3d at 504. Prudential's May 26, 2015 letter stated that an appeal should contain specific pieces of information, including the reasons for disagreement and medical evidence to support the appeal. (D.N. 8-3, PageID # 97–98) Decola's August 26, 2015 letter did not contain this information. While the letter instructed Prudential to "take this letter as an appeal," it did not provide any grounds for the appeal and stated that medical records would be forthcoming. (D.N. 8-4, PageID # 99) Therefore, Decola's August 26, 2015 letter, on its own, did not constitute an appeal.

Even if Decola believed that her August 26 or September 2 letter constituted an appeal, Prudential's September 2, 2015 letter gave Decola notice that her appeal was not complete and that she had not exhausted her administrative remedies. (D.N. 8-6, PageID # 126) Prudential's September 2, 2015 letter explicitly stated that because Decola indicated that she would be submitting additional information, she must notify Prudential when her appeal was complete. (*Id.*) Prudential added that it would not review Decola's claim until she advised Prudential that her appeal was complete. (*Id.*)

Prudential reiterated that Decola must submit all information that she wished to have considered on appeal "within the 180 day timeframe outlined." (D.N. 8-6, PageID # 126) Despite having more than two months remaining on the time to appeal, Decola did not submit any additional information or notify Prudential that her appeal was complete. Prudential's position was consistent with the LTD plan, which provides "[i]f your claim for benefits is denied . . . , you or your representative may appeal your denied claim in writing to Prudential within 180 days of the receipt of the written notice of denial or 180 days from the date such claim is deemed denied." (D.N. 8-2, PageID # 87)

As in *Smith*, Decola wrote letters stating that she was entitled to LTD benefits; however, she failed to comply with the express requirements of the plan for filing an appeal. *See* 99 F. App'x at 698.  Similar to the plaintiff in *Blaikie*, Decola attempted to request an appeal, "but despite being represented by counsel, being provided a detailed overview of the appeals process, which letter includes a detailed description of the appeals procedure[], and being expressly informed . . . that she had [180] days" to file an appeal, she did not timely file an appeal.  *See* 2011 WL 5834751, at *3.  Because Decola "did not properly follow [Prudential's] administrative appeals procedure," she failed to exhaust her administrative remedies.  *McPhillips*, 2010 WL 3833950, at *4; *see also Coomer*, 370 F.3d at 504.

## B.  Futility

While the body of Decola's response argues that exhaustion is not necessary, the heading suggests that her failure to exhaust her administrative remedies should be excused because "in this case administrative exhaustion is futile."  (D.N. 12, PageID # 141)  "Failure to exhaust administrative remedies is excused 'where resorting to the plan's administrative procedure would simply be futile or the remedy inadequate.'"  *Id.* (quoting *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 419 (6th Cir. 1998)).  To establish that an administrative remedy would be futile, "[a] plaintiff must show that 'it is certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision.'"  *Id.* (quoting *Fallick*, 162 F.3d at 419).

Beyond the heading, Decola does not argue that her appeal would have been futile.  (*See* D.N. 12, PageID # 141–45)  Because she provides no further support for this argument, the Court finds that Decola has not demonstrated that exhausting the plan's administrative remedies would

have been futile.  Thus, her failure to exhaust these remedies is not excused.  *See Coomer*, 370 F.3d at 504.

### C.      Unconscionability

Finally, Decola cites *Operating Engineers Local 139 Health Benefit Fund v. Gustafson Construction Corp.*, 258 F.3d 645, 655 (7th Cir. 2001), to argue that it was unconscionable for Prudential to deny her an extension.[1]  (D.N. 12, PageID # 144)  *Operating Engineers* dealt with an employer who failed to contribute to a pension fund, and the Seventh Circuit wrote, "The federal common law of ERISA may include a concept of unconscionability that would entitle an employer to complain if a fund's trustees used the power delegated to it by the plan to establish a completely exorbitant interest rate on delinquent contributions."  258 F.3d at 655.  The court then found that the interest rate at issue was not unconscionable.  *Id.*  In *Operating Engineers*, the Seventh Circuit explicitly limited the "concept of unconscionability" it was addressing to a complaint by an employer "if a fund's trustees used the power delegated to it by the plan to establish a completely exorbitant interest rate on delinquent contributions."  *Id.*  Because such a situation is not present in this case, the Seventh Circuit's discussion of unconscionability is inapplicable here.

Under Kentucky law, "[a]n unconscionable contract is a contract 'which no man in his senses, not under delusion, would make, on the one hand, and which no fair and honest man would accept, on the other.'"  *Forsythe v. BancBoston Mortg. Corp.*, 135 F.3d 1069, 1074 (6th Cir. 1997) (quoting *Louisville Bear Safety Serv., Inc. v. S. Cent. Bell Tel. Co.*, 571 S.W.2d 438, 439 (Ky. Ct. App. 1978)).  "The doctrine of unconscionability is only used in rare instances, such as when a party abuses its right to contract freely."  *Id.*

---

[1]  In making this argument, Decola weaves in verbatim passages from *Operating Engineers* without attribution.  (D.N. 12, PageID # 144)

Other than a conclusory assertion that the plan is "unconscionable" (D.N. 12, PageID # 144), Decola has not alleged any facts suggesting that a "fair and honest" person would not accept Prudential's plan.  *Forsythe*, 135 F.3d at 1074; *see also Mitchell v. Gen. Motors LLC*, No. 3:13-CV-498-CRS, 2014 WL 1319519, at *17 (W.D. Ky. Mar. 31, 2014).  Because Decola failed to exhaust her administrative remedies and her failure cannot be excused, the Court will grant Prudential's motion to dismiss.  (D.N. 8)

III.    **CONCLUSION**

For the reasons explained above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Prudential's motion to dismiss (D.N. 8) is **GRANTED**.  This action is **DISMISSED** without prejudice and **STRICKEN** from the Court's docket.

March 24, 2017

**David J. Hale, Judge**
**United States District Court**